UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Anthony Ray Jenkins, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-2479 (UNA) |
| | ) | |
| Gerrilyn G. Brill *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions

. . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff is a resident of Lithonia, Georgia. He purports to sue retired U.S. Magistrate Judge Gerrilyn G. Brill, who sat in the U.S. District Court for the Northern District of Georgia, as well as the DeKalb County Police Department, and the State of Georgia, *see* Compl. Caption, for conduct unknown. Plaintiff has invoked 42 U.S.C. § 1983. *See* Compl. at 1. Despite that and the named defendants, plaintiff seeks an order directing "the federal government to pay these claim[s] for inslaveing [sic] me against my will depriving me of liberty while acting under color of state law and denying me the equal protection of the law." Compl. at 3.

The complaint fails to provide adequate notice of a claim against the named defendants.[1] Regardless, federal jurisdiction is lacking over the State of Georgia because the Eleventh Amendment to the U.S. Constitution generally immunizes States from suit in federal court, and it is established "that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). In addition, Judge Brill is likely immune from this suit because "[j]udges enjoy absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless [the] actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citation omitted). Such "immunity is an immunity from suit, not just from

---

[1] To the extent that plaintiff is claiming that defendants caused the dismissal of his court cases in Kansas, *see* Compl. at 1, this venue is improper for litigating the claim because neither the defendants nor the events giving rise to this action are connected to the District of Columbia. *See* 28 U.S.C. § 1391(b)(1) (designating the proper venue under the present circumstances as the judicial district where the defendants are located and where a substantial part of the events allegedly occurred).

ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

                                                                  _____/s/_____
                                                                  Timothy J. Kelly
                                                                  United States District Judge

Date:   January 19, 2018